UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BRAD WARRINGTON,

    Plaintiff,

v.

Case No. 2:25-mc-9-JES-KCD

ROCKY PATEL PREMIUM
CIGARS, INC., RAKESH PATEL,

    Defendants,
_____/

## ORDER

Defendant Rocky Patel Premium Cigars, Inc. moves to compel non-party Jason Sharkey to produce documents under a subpoena. (Doc. 1.)[1] Sharkey claims several documents are protected by the attorney-client privilege, and he has submitted affidavits and briefing to supplement his privilege logs. (Docs. 1-10, 1-11, 10.)

"The attorney-client privilege attaches . . . to confidential communications between an attorney and client for the purposes of securing legal advice or assistance." *Drummond Co., Inc. v. Conrad & Scherer, LLP*, 885 F.3d 1324, 1335 (11th Cir. 2018). "The person invoking the attorney-client privilege has the burden of establishing (1) the existence of an attorney-client relationship and (2) the confidential nature of the information

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

sought." *United States v. Moore, Ingram, Johnson & Steele, LLP*, No. 21-10341, 2022 WL 3134374, at *3 (11th Cir. Aug. 5, 2022). This burden is often discharged through a privilege log, or by affidavit. *See Las Brisas Condo. Homes Condo. Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 2:21-CV-41-KCD, 2023 WL 2788873, at *1 (M.D. Fla. Mar. 8, 2023); *Bridgewater v. Carnival Corp.*, 286 F.R.D. 636, 639 (S.D. Fla. 2011) ("The party claiming the privilege must provide the court with underlying facts demonstrating the existence of the privilege, which may be accomplished by affidavit.").

Either way, the party must "describe the nature of the . . . communication" so that the court can assess its privilege claim. *See* Fed. R. Civ. P. 26(b)(5)(A)(ii); *see also Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 n.3 (11th Cir. 2020); *Roger Kennedy Construction, Inc. v. Amerisure Insurance Co.*, No. 6:06-C-1075-ORL-19KRS, 2007 WL 1362746, at *1 (M.D.Fla. May 7, 2007). When the descriptions are insufficient, the court may review the communications *in camera* to determine whether they are privileged. *See, e.g., Burrow v. Forjas Taurus S.A.*, 334 F. Supp. 3d 1222, 1237 (S.D. Fla. 2018); *Callahan v. United States Dep't of Health & Hum. Servs. through Azar*, No. 1:19-CV-1783-AT, 2019 WL 9093996, at *2 (N.D. Ga. Dec. 18, 2019); *Vision I Homeowners Ass'n, Inc. v. Aspen Specialty Ins. Co.*, No. 08-81211-CIV, 2009 WL 2477524, at *2 (S.D. Fla. July 7, 2009).

Sharkey's descriptions here are lacking. His privilege logs merely offer email subject lines and file names. And his briefing and affidavits generally assert that the communications all involved confidential legal advice concerning pending or anticipated litigation. (Docs. 10 at 4-6, 9, 12, 18, 10-1, 10-2, 10-3.) Such conclusory assertions are insufficient. *See, e.g., Diamond Resorts U.S. Collection Dev., LLC v. US Consumer Att'ys, P.A.*, 519 F. Supp. 3d 1184, 1205 (S.D. Fla. 2021) (rejecting boilerplate sworn declarations which simply stated declarants had been "seeking legal advice from their lawyers"); *Abby v. Paige*, No. 10-23589-CIV, 2011 WL 13223681, at *2 (S.D. Fla. Nov. 30, 2011) (finding declaration provided "mostly ... conclusory assertions" and was "not enough to establish the privilege claimed").

The materials provided leave the Court unable to determine Sharkey's privilege claim. *See Moore, Ingram, Johnson & Steele, LLP*, 2022 WL 3134374, at *3 ("Th[e privilege] assessment cannot be made if a party makes a generic assertion of privilege, effectively saying to its opponent and the court: trust us, these documents are all privileged.") And so it must review the documents *in camera*. *See, e.g., Vision I Homeowners Ass'n, Inc.*, 2009 WL 2477524, at *2.

Accordingly, the Court **ORDERS** non-party Jason Sharkey to produce the purportedly privileged documents to the Court via thumb drive on or before September 25, 2025.

**ENTERED** in Fort Myers, Florida on September 10, 2025.

Kyle C. Dudek
United States Magistrate Judge